**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BRANDON KING,** | § | |
| **Individually and on behalf of** | § | |
| **all others similarly situated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | <u>**3:12-CV-00083**</u> |
| **TENET HEALTHCARE CORP.,** | § | |
| **CONIFER HEALTH SOLUTIONS, LLC,** | § | |
| **LAKE POINTE URGENT CARE** | § | |
| **CENTER, AND LAKE POINTE** | § | |
| **HEALTH NETWORK,** | § | |
| | § | |
| **Defendants.** | § | |

<u>**PLAINTIFF'S ORIGINAL COMPLAINT**</u>

**I.**

<u>**INTRODUCTION**</u>

Plaintiff Brandon King, individually and on behalf of all others similarly situated (Plaintiff and Class Members), files this Original Complaint (Complaint) against Defendants Tenet Healthcare Corporation (Tenet), Conifer Health Solutions, LLC (Conifer), Lake Pointe Urgent Care Center (Urgent Care), and Lake Pointe Health Network (Lake Pointe) and respectfully allege the following.

**II.**

<u>**PARTIES**</u>

1.     Plaintiff Brandon King (King) is an individual and a citizen of Dallas County, Texas.

2.      Class Members are all current and former hourly employees working at any of Defendant's imaging or urgent care centers anywhere in Texas, all of whom have been denied payment for meals, thus denying them minimum wage and overtime pay as required by the Fair Labor Standards Act (FLSA).

3.      Defendant Tenet Healthcare Corporation (Tenet) is a corporation organized under the laws of the state of Nevada with its principle place of business located at 1445 Ross Avenue, Suite 1400, Dallas, Texas 75202.  Defendant may be served with process, including citation and a copy of this lawsuit, by serving Defendant's registered agent for service of process, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

4.      Defendant Conifer Health Solutions LLC (Conifer) is a corporation organized under the laws of the state of Delaware with its principle place of business located at 1445 Ross Avenue, Suite 1400, Dallas, Texas 75202.  Defendant may be served with process, including citation and a copy of this lawsuit, by serving Defendant's registered agent for service of process, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

5.      Defendant Lake Pointe Urgent Care Center (Urgent Care) is a corporation organized under the laws of the state of Texas with its principle place of business located at 1005 West Ralph Hall Parkway, Suite 115, Rockwall, Texas 75032.  Urgent Care may be served with process, including citation and a copy of this lawsuit, at 1005 West Ralph Hall Parkway, Suite 115, Rockwall, Texas 75032.

6.      Defendant Lake Pointe Health Network (Lake Pointe) is a corporation organized under the laws of the state of Texas, with its principle place of business located at 2255 Ridge Road, Suite 208, Rockwall, Texas 75087.  Lake Pointe may be served with process, including

citation and a copy of this lawsuit, by serving Lake Pointe's registered agent for service of process, Ken Teel, 6800 Scenic Drive, Rowlett, Texas 75088.

## III.

## JURISDICTION

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under federal law.

## IV.

## VENUE

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Dallas County.

9.      Dallas County lies within the Dallas Division of the Northern District of Texas, as set forth in 28 U.S.C. § 124(a)(1).

## V.

## COVERAGE ALLEGATIONS

10.      Defendants transact substantial business in this judicial district.

11.      At all material times, Defendants have been an employer within the meaning of 29 U.S.C. § 203(d).

12.      At all material times, Defendants have been an enterprise within the meaning of 29 U.S.C. § 203(r).

13.      At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have

been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

14.     At all materials times, Plaintiff was an individual employee of Defendants who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VI.

## BACKGROUND FACTS

15.     Tenet is a health care provider that operates hospitals, medical centers, surgical centers, imaging centers, and urgent care centers in Texas, Alabama, Florida, Georgia, Missouri, North Carolina, Pennsylvania, South Carolina, and Tennessee.

16.     In November 2008, Tenet "spun" its employees that provide patient registration and insurance verification into a new corporate entity, Conifer.

17.     King worked at Urgent Care and the Medical Center as a registered nurse.

18.     As a registered nurse, King was an hourly employee, not exempt from the minimum wage and overtime requirements of the FLSA.

19.     Defendants were required to pay Plaintiff a minimum hourly wage for all hours worked, and one and one half times his regular rate of pay for all hours worked in excess of forty hours per workweek.

20.     Starting with the creation of Conifer in November 2008, Defendants employed a system at its smaller facilities, such as Urgent Care and the Medical Center, which denied hourly employees thirty minutes of pay each day, ostensibly for a meal period.

21.     Plaintiff was denied this thirty minutes of pay every day he worked, yet Plaintiff was never given an uninterrupted thirty minutes for their meals when he was totally relieved of his duties.

## VII.

## COLLECTIVE ALLEGATIONS

22.     Defendants have a policy and practice of automatically deducting thirty minutes from all hourly employees' time, which Defendants contend constitutes the thirty minutes Plaintiff and the Plaintiff Class were afforded for a meal break.

23.     At smaller facilities such as Urgent Care and other imaging and urgent care centers, which only employ one nurse, one lab technician, and one patient access member at any time, these employees are not afforded an uninterrupted thirty minutes for a meal break during which time these employees are completely relieved of their duties.

24.     For example, at Urgent Care, there is only one patient access member to meet patients, go through their paperwork with them prior to being seen by a physician, and ensure all the proper paperwork is completed; one registered nurse to triage and treat patients; and one laboratory technician.

25.     Because of the way Defendants staff these urgent care and imaging centers, these hourly employees *never* have thirty minutes of uninterrupted time for a meal *when they are fully relieved of their duties*.

26.     If a patient comes in, the patient access employee has to interact with the patient, and cannot simply ignore the patient.

27.     Likewise, the nurse on duty has to triage patients and be available to treat patients as they come in.

28.     Like Plaintiff, all these hourly employees have been victimized by this unlawful practice.

29.     Despite Plaintiff and the Plaintiff Class notifying Jackie Cox, Defendants' Director of Emergency Services, that they were unable to take a thirty minute uninterrupted meal break during which they were completely relieved of their duties by simple virtue of the staffing situation at these smaller facilities, Cox directed Plaintiff and the Plaintiff Class to note a meal break so long as they had a total of thirty minutes for a meal, regardless of whether those thirty minutes were consecutive and uninterrupted.

30.     In other words, Cox required Plaintiff and the Plaintiff Class to record a meal break if they took five minutes here, five minutes there, all of which added up to thirty minutes total.

31.     Cox was even shown a copy of 29 C.F.R. § 785.19, which outlines the requirements for bona fide meal breaks; Cox ignored this and told Plaintiff and others that "this is how it is done at every Tenet hospital," or words to similar effect.

32.     Many employees have worked with Plaintiff and have reported that they were docked thirty minutes each day for a meal break although they were not afforded thirty minutes of uninterrupted time for a meal during which time they were completely relieved of their duties.

33.     From discussions with these employees, Plaintiff is aware that Defendants' illegal policies and practices have been uniformly imposed on the Class Members.

34.     The Class Members all perform non-exempt work.

35.     These employees are similarly situated to Plaintiff in terms of their inability to have a thirty minute uninterrupted meal break where they are completely relieved of their job

duties and in that they are nonetheless automatically docked thirty minutes each working day for this meal break.

36.     Defendants' failure to pay minimum wage and overtime compensation at the rates required by the FLSA results from this generally applicable policy and practice and in no way depends on the personal circumstances of the Class Members.

37.     Thus, Plaintiff's experience is typical of the experience of the Class Members.

38.     The specific job titles or precise job requirements of the various Class Members do not prevent collective treatment.

39.     All Class Members, regardless of their precise job requirements or rates of pay, are entitled to either a thirty minute uninterrupted meal break during which time they are completely relieved of their duties, or they are entitled to be compensated for such time at their regular rate of pay and, if such compensation pushes their hours worked over forty hours in a given workweek, they are entitled to overtime compensation (one and one half their regular rate of pay) for all hours worked in excess of forty hours per workweek.

40.     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

41.     The questions of law and fact are common to Plaintiff and the Class Members.

42.     Accordingly, the class of similarly situated plaintiffs is properly defined as:

**<u>All registered nurses, lab technicians, and patient access employees
working at  Defendants' imaging and urgent care centers in Texas</u>**

43.     As a collective action, Plaintiff seeks this Court's appointment and/or designation as representative of a group of similarly situated individuals as defined.

## VIII.

## CAUSE OF ACTION

**A.      Failure to Pay Wages in Accordance With the FLSA**

44.      Plaintiff incorporates each of the foregoing paragraphs.

45.      Defendants' practice of docking hourly employees thirty minutes for a meal break while not providing a thirty minute uninterrupted period during which they are completely relieved of their duties violates 29 U.S.C. §§ 206, 207, and 215(a)(2).

## IX.

## DAMAGES

46.      Plaintiff incorporates each of the foregoing paragraphs.

47.      Defendants' actions violated 29 U.S.C. § 207(a).

48.      Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover all unpaid minimum wages and unpaid overtime compensation.

49.      Plaintiff also seeks as liquidated damages and amount equal to that recovered for unpaid minimum wages and unpaid overtime compensation.

50.      Plaintiff seeks all damages available to them under federal law.

## X.

## ATTORNEYS' FEES AND COSTS

51.      Plaintiff incorporates each of the foregoing paragraphs.

52.      Plaintiff retained the services of undersigned counsel to prosecute his claims.

53.      Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover a reasonable attorneys' fee from Defendants, including costs.

## XI.

## <u>JURY DEMAND</u>

54.     Plaintiff demands a trial by jury.

## XII.

## <u>CONCLUSION AND PRAYER</u>

55.     Plaintiff respectfully requests that Defendants be cited to appear and answer, and

that upon final trial of this matter, the Court enter judgment awarding Plaintiff and the Plaintiff

Class:

    A.    All unpaid minimum wages and unpaid overtime compensation, as determined by the jury;

    B.    Liquidated damages equal to the amount determined by the jury in subsection (A) above;

    C.    Reasonable attorneys' fees and expert fees;

    D.    Courts costs;

    E.    Pre-judgment and post-judgment interest at the rate set by law; and

    F.    All legal or equitable relief this Court deems proper.

Respectfully submitted,


/s/ Matthew R. Scott
MATTHEW R. SCOTT
Texas Bar No. 00794613
JOE KENDALL
Texas Bar No. 11260700
JAMIE J. MCKEY
Texas Bar No. 24045262
JAVIER PEREZ
Texas Bar No. 24083650
**THE KENDALL LAW GROUP**
3232 McKinney Avenue, Suite 700
Dallas, Texas  75204
214-744-3000 / 214-744-3015 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**